Filed 2/11/25  P. v. Cherry CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHAYSE JAMES CHERRY,<br><br>    Defendant and Appellant. | F086296<br><br>(Super. Ct. No. BF173423A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Robert F. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Chayse James Cherry returns to this court for a second time following his convictions by jury of crimes he committed in 2018, when he was 18 years old, for which he was initially sentenced to an aggregate prison term of 18 years four months.  In

appellant's previous appeal, this court vacated the sentence and remanded for resentencing, directing the court to strike an invalid prison prior enhancement (Pen. Code,[1] § 667.5, subd. (b)) and stay punishment on two counts previously erroneously imposed pursuant to section 654, and otherwise affirmed the convictions. This court further directed the court to comply with laws in effect at the time, which included 2022 amendments to the determinate sentencing law. At his resentencing, appellant was sentenced to an aggregate term of 16 years, representing the court's imposition of the upper term of imprisonment.

Appellant now appeals from the judgment entered after his resentencing, contending the court erred by imposing the upper term because it was contrary to the presumptive lower term in his case. He also contends the court erred by finding he had the ability to pay and imposing fines and fees.

Finding no error, we affirm.

## BACKGROUND

Appellant was charged by information with two counts of kidnapping to commit robbery (§ 209, subd. (b)(1); counts 1 & 2); two counts of simple kidnapping (§ 207, subd. (a); counts 3 & 4); two counts of second degree robbery (§ 212.5, subd. (c); counts 5 & 6); two counts of assault with a firearm (§ 245, subd. (a)(2); counts 7 & 8); one count of second degree burglary (§ 460, subd. (b); count 9); one count of receiving a stolen vehicle (§ 496d, subd. (a); count 10); one count of receiving stolen property (§ 496, subd. (a); count 11); and one count of misdemeanor obstructing a peace officer (§ 148, subd. (a)(1); count 12). It was further alleged that appellant had suffered a strike prior (§§ 667, subds. (c)-(j), 1170.12, subds. (a)-(e)) and a prison prior (§ 667.5, subd. (b)) for a 2016 conviction for grand theft of a firearm (§ 487, subd. (d)(2)).[2]

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     The facts underlying appellant's convictions are set forth in detail in *People v. Cherry* (F079148, Sept. 28, 2022 [nonpub. opn.]).

2.

A jury trial was conducted. The court granted appellant's motion for a directed verdict pursuant to section 1118.1 as to counts 1 and 2. The jury returned guilty verdicts for counts 3, 4, 5, 6, 7, 8, 9, 11, and 12 and a not guilty verdict for count 10. Following a bifurcated court trial on the prior conviction allegations, the court found the allegations true.

Appellant was originally sentenced on April 10, 2019. Appellant requested the court dismiss his strike prior in the furtherance of justice under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The court found appellant was not outside the spirit of the Three Strikes law and denied the motion.[3]

When sentencing appellant, the court noted, "this is an upper-term case. There's no issue with that in terms of what was spotted, and I was a witness here. When I saw that video [business security footage depicting the crime], it was tremendously impacting, not so much with the criminality but the way the victims, two innocent people, just trying to get on in life, who go to work every day to support families, and they're just changed, period. It was alluded to. In fairness to [appellant], he said he certainly committed the crime, but these people should never have been exposed to what they did." The court noted it agreed with probation's recommendations[4] and sentenced appellant as follows: as to count 3, the middle term of 10 years plus one year for the prison prior pursuant to section 667.5, subdivision (b); as to count 4, one-third the middle term of three years

---

[3]     In his previous appeal, appellant challenged the court's denial of his *Romero* motion. This court concluded the court's denial was properly within its discretion given that the current case represented an escalation in appellant's criminal behavior and he reoffended between the strike offense and the current case.

[4]     The initial probation report stated no circumstances in mitigation and the following circumstances in aggravation: that appellant "was on juvenile probation and state parole when the crimes were committed"; his "prior performance on juvenile probation and state parole was unsatisfactory in that he violated terms and/or re-offended"; and "[t]he crimes involved planning and sophistication." The probation report noted that "the upper term in sentencing could be warranted," but recommended the middle term due to appellant's age and overall exposure.

four months; as to count 7, one-third the middle term of two years; as to count 8, one-third the middle term of two years; as to count 12, one year in county jail to be served concurrently with the prison sentence. Punishment on counts 5, 6, 9, and 11 was stayed pursuant to section 654. Appellant's total prison term was 18 years four months. The court also imposed a restitution fine in the amount of $300 (§ 1202.4, subd. (b)); a matching parole revocation fine (§ 1202.45); a court operations assessment in the amount of $360 (§ 1465.8); and a conviction assessment in the amount of $270 (Gov. Code, § 70373).

Appellant appealed from the judgment, making several contentions, including, as relevant here, that pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.; Senate Bill 136), appellant's prior prison enhancement must be stricken, and the court erred by failing to stay sentence on counts 7 and 8 pursuant to section 654 and by imposing fines and fees without finding appellant had the ability to pay them. In supplemental briefing, appellant raised several new sentencing provisions that he believed he was entitled to the benefit of, including (1) Senate Bill No. 483 (2021-2022 Reg. Sess.; Senate Bill 483), which would entitle him to resentencing upon the court's striking of the one-year section 667.5, subdivision (b) prison prior enhancement; (2) Assembly Bill No. 124 (2020-2021 Reg. Sess.; Assembly Bill 124); and (3) Senate Bill No. 567 (2021-2022 Reg. Sess.; Senate Bill 567), which added section 1170, subdivision (b)(6) providing that the lower term of imprisonment is the presumptive term when certain mitigating factors apply. Respondent conceded the matter must be remanded pursuant to Senate Bill 483 and did not contest appellant's entitlement to request relief under Assembly Bill 124 and Senate Bill 567 upon remand.

This court found the trial court erred by failing to stay punishment for counts 7 and 8 under section 654 and agreed with the parties that appellant was entitled to the ameliorative benefits of several pieces of recent legislation including Senate Bill 567.

4.

Additionally, this court noted appellant could raise his challenge to the fines and fees at resentencing.

The remittitur was issued on December 15, 2022. Probation subsequently submitted a letter dated April 1, 2023. The letter indicated that in light of this court's opinion, as well as the recent legislation, probation was recommending the middle term of 10 years on count 3 and a consecutive term of one-third the middle term of three years four months as to count 4, with punishment on the remaining counts to be stayed pursuant to section 654, for an aggregate prison term of 13 years four months. Probation referred the court to its original report "for information regarding the circumstances of the offense and the defendant's prior criminal record as neither has changed." Probation indicated that it was adding a circumstance in mitigation: "The defendant was under the age of 26 at the time of the commission of the offense." Probation further indicated that because the previously stated aggravating circumstances had to do with appellant's criminal history, the court could consider them as well as an additional factor that "[t]he defendant has served a prior prison term not being used to enhance this case."

Appellant's resentencing was conducted on May 17, 2023. Appellant's mother testified that appellant's father was verbally abusive and that appellant had been through a lot, including losing his brother and experiencing homelessness. She felt responsible for appellant feeling abandoned. She further testified she suffered domestic violence at the hands of appellant's father and at one point left appellant and her other children with their father because she thought it would be best though they ended up homeless.

Appellant testified he had been through a lot of abuse as a child and watched his stepfather and his father hit him and his mother. He stated he had lived under highways and in parks and "[e]very time I came to jail it was for a financial reason." He further testified that the abuse he witnessed "put like an anger in [him]" and made him feel at one point that "hurting people was okay sometimes."

5.

The prosecutor stated he was submitting on probation's letter and argued the "mid term is warranted at the very least" and "if the Court wanted to, the Court could give the upper term."

Appellant's counsel argued that appellant's criminal record was due to him "being young, him being on the streets, him suffering the trauma, witnessing abuse, being homeless" and asked the court to sentence appellant to the lower term.

The court began its ruling by stating that it had read and considered its notes from the trial and "did comment last time that the video that transpired was disturbing." The court further noted it found as circumstances in mitigation that appellant was under the age of 26 at the time of the commission of the offense and that appellant may have experienced abuse and/or neglect. The court noted the section 667.5, subdivision (b) enhancement was legally invalid but noted it could use the fact that appellant served a prison prior as an aggravating factor.

The court went on as follows before delivering the judgment:

"Even though we are being told about new legislation, all that stuff, the Court worked hard with Probation at the time to find a suitable sentence for the charge as to [appellant]. It was obvious, all throughout, his age. That wasn't a problem for the Court. So even though it wasn't legislated, it wasn't demanded or part of the law nowadays, the Court factored that in. [Appellant's] exposure was a lot higher. Counts 1 and 2, for example.

"The Court and Probation worked hard to get this resolution. The Court's thinking at the time was this was a terrible crime, regardless. Even though it was [not][5] pled and proven that it was planned, et cetera, it was planned. You could see that, the way they dressed, the way they took their clothes off at intervals during the day to hide their identity. Aside from the socks, I don't think [appellant] would have been convicted in terms of that. So it was well put together. The whole thing was executed. That was all on video. So that was—I'm not considering that.

---

**5** The reporter's transcript says "was" instead of "was not." This appears to be a clerical error.

"But the Court did take everything into account when it had to sit and sentence.  It felt for [appellant].  That wasn't an issue.  You could see he was a young man.  That was obvious.  That was more in court.  He was a young person.  He acted like a young person, his age, et cetera.  And what I saw, it's a sad reflection, but it was his decision.  These guys went in there and terrorized these people.  Unbelievable.  And I wonder—just as a question about the three[6] victims there, I wonder how they are doing based on their trauma, obviously.

"But, again, I listened to his mother.

"Ma'am, many thanks to you.  It took courage to come in.  I've taken it into account and put it with the mitigating factors.

"So when you balance the two, the second [aggravating][7] factor is as follows:  Defendant was convicted of other crimes for which consecutive sentences could have been imposed but which concurrent sentences are being imposed.  And that's under Rule of Court 4.421, No. 7.

"So we have got two aggravating factors, two mitigating factors.  And it's not a logical or a mathematical test.  It's a quantitative test in the sense that we have to evaluate what the Court saw."

The court sentenced appellant as follows:  as to count 3, the upper term of 16 years.  As to the remaining counts, the court imposed the upper term but stayed punishment on them pursuant to section 654.  The court also imposed a restitution fine in the amount of $300 (§ 1202.4, subd. (b)); a matching parole revocation fine (§ 1202.45); a court operations assessment in the amount of $320 (§ 1465.8); and a conviction assessment in the amount of $240 (Gov. Code, § 70373).  The court concluded by stating that it found the lower term was contrary to the interests of justice "to make the record clear on that."

Defense counsel objected to  "the sentence in its entirety," including the upper term being imposed and the court's analysis.

---

**6**    It is unclear whether this was a misstatement on the part of the court or a reporter's error, but there were two victims.

**7**    The reporter's transcript says "mitigating" instead of "aggravating."  This appears to be a clerical error.

The court next conducted a hearing on appellant's ability to pay the fines and fees. Appellant's counsel stated that before he was incarcerated, appellant was homeless and not employed, and "[f]or that reason I'd ask the Court to find [appellant] has an inability to pay these fines and fees and to waive them." The prosecutor opposed the request. The court asked defense counsel if there was any reason appellant would not be able to work in custody. Defense counsel responded that appellant did not have any physical handicap that would prevent him from working but understood "there is an issue as far as is there an opening in the prison for a job and the fact that I guess all the current jobs are taken with regards to that." The court responded by saying that at that time it would find appellant "certainly available for work if there's work there" and that a portion of appellant's earnings would be taken to pay his fines and fees, and thus would be imposing the fines and fees.

## DISCUSSION

### I. Imposition of the Upper Term

Appellant argues the court erred by imposing the upper term of imprisonment. We disagree.

Effective January 1, 2022, the court may impose a sentence exceeding the middle term only if "there are circumstances in aggravation of the crime that justify" the upper term. (§ 1170, subd. (b)(1)-(2).) The facts underlying those aggravating circumstances must "have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) The court may also consider the defendant's prior convictions reflected in a certified record of conviction. (§ 1170, subd. (b)(3).)

Moreover, the court shall impose a lower-term sentence if, as relevant here, the defendant was under 26 years of age at the time of the offense or suffered or experienced childhood trauma, including abuse or neglect, and the factor "was a contributing factor in the commission of the offense" (§§ 1170, subd. (b)(6)(A) & (B); 1016.7, subd. (b)),

8.

" 'unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice' " (*People v. Salazar* (2023) 15 Cal.5th 416, 426, quoting § 1170, subd. (b)(6)).

We review the trial court's sentencing decision for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) " 'In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Citations.] Second, a " 'decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Strother* (2021) 72 Cal.App.5th 563, 571, quoting *People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

Here, the court gave a thorough explanation of its sentencing decisions, and we find them not to be incongruent with the new legislation and not an abuse of discretion.

First, we conclude the court's determination that the lower term was contrary to the interests of justice was reasonable. Appellant argues that the court did not properly presume the lower term in its analysis as required by section 1170, subdivision (b)(6), as it found two "super mitigants," or those enumerated mitigating factors set forth in section 1170, subdivision (b)(6). We start our analysis by stating we presume the trial court followed the law. (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 398.) We presume the trial court acted to achieve legitimate sentencing objectives. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977–978.) We presume the

9.

court considered all relevant sentencing factors unless the record affirmatively indicates otherwise. (Cal. Rules of Court,[8] rule 4.409.)

We acknowledge the court found that appellant was a youth at the time the crime was committed and suffered abuse or neglect as a child. We presume, for the purpose of appellant's argument, the court implicitly found these factors contributed to the commission of the crime. We agree with appellant that, given the above, pursuant to section 1170, subdivision (b)(6), the court was required to impose the lower term unless it found "the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice." We reject appellant's contention, however, that the trial court failed to conduct an analysis as to why it was not imposing the lower term in line with the statutory presumption or that it "ignored the changes in the law." Here, given the totality of the court's comments, we conclude the court did so, and that such a determination was reasonable.

The court spoke at length about its determination of the seriousness of the crime, including reference to its statements at appellant's original sentencing and its assessment of the crime as "disturbing"; noted that it found the crime had been planned; and made comments, as appellant points out, suggesting the victims seemed to be particularly vulnerable. While such factors may not have been, as appellant points out, relied on by the court in justifying the upper term, as they were not pled or proven in compliance with section 1170, subdivision (b), we conclude such factors could be relied on to determine that the lower term was contrary to the interests of justice. As respondent points out, the advisory committee comment on rule 4.420, sets forth the various factors the court may consider in determining whether the lower term is contrary to the interests of justice:

> "Case law suggests that in determining the 'interests of justice' the court should consider the constitutional rights of the defendant and the interests of society represented by the people; the defendant's background and

---

[8]     All further rule references are to the California Rules of Court.

10.

prospects, including the presence or absence of a record; the nature and circumstances of the crime and the defendant's level of involvement; the factors in aggravation and mitigation including the specific factors in mitigation of Penal Code section 1170(b)(6); and the factors that would motivate a 'reasonable judge' in the exercise of their discretion. The court should not consider whether the defendant has simply pled guilty, factors related to controlling the court's calendar, or antipathy toward the statutory scheme. (See *People v. Romero* (1996) 13 Cal.4th 947; *People v. Dent* (1995) 38 Cal.App.4th 1726; *People v. Kessel* (1976) 61 Cal.App.3d 322; *People v. Orin* (1975) 13 Cal.3d 937.)" (Advisory Com. com., rule 4.420.)[9]

Here, the court appeared to rely on proper factors, and we reject appellant's suggestion that the court did not properly set forth its reasoning for determining the lower term was contrary to the interests of justice or that its finding was merely an "afterthought."

We also reject appellant's suggestion of a narrower definition of "interests of justice" than that defined in the advisory committee comment set forth above. Appellant contends the court's finding that the lower term would be contrary to the interests of justice required "proof that it would result in 'physical injury or other serious danger to others' " citing section 1385, subdivision (c), regarding dismissal of enhancements. The relevant portion of section 1385 that appellant wishes we impute to the court's analysis under section 1170, subdivision (b)(6) indicates that the court "shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that

---

[9] In addition, the court's apparent reliance on aggravating factors to determine whether the lower term was contrary to the interests of justice was proper as they did not require stipulation by appellant or finding beyond a reasonable doubt. (See *People v. Hilburn* (2023) 93 Cal.App.5th 189, 204 [finding that imposition of the middle term sentence where the § 1170, subd. (b)(6) low term presumption applies, does not implicate *Apprendi*]; see also *People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 929 [concluding that § 1170, subd. (b)(6) does not require aggravating circumstances to be proven to jury beyond a reasonable doubt and declining "to import [the subdivision (b)(1) and (b)(2)] requirement into section 1170, subdivision (b)(6) as a prerequisite to imposing the middle term"]; rule 4.420(d) ["[i]n selecting between the middle and lower terms of imprisonment, the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision. The court may consider factors in aggravation and mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial"].)

enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).) The statute sets forth several factors which the court shall "consider and afford great weight" to and indicates "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

Appellant cites no authority or canons of statutory construction to support his assertion that the court must find imposing the lower term would "endanger public safety." Section 1170, subdivision (b)(6) does not reference section 1385 and does not contain an explanation for how the court must weigh aggravating and mitigating circumstances. Had the Legislature intended to insert a requirement that the court find imposing the lower term would endanger public safety in order to find doing so was contrary to the interests of justice, we presume it would have. (See *People v. Roach* (2016) 247 Cal.App.4th 178, 184 [" 'An intention to legislate by implication is not to be presumed. [Citation.] In construing a statute, we do not insert words into it as this would "violate the cardinal rule that courts may not add provisions to a statute." ' "]; see also *Yoo v. Shewry* (2010) 186 Cal.App.4th 131, 146 [" ' " '[W]hen the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded.' " ' "].)

Moreover, in recently rejecting a similar argument, Division One of the Second Appellate District in *People v. Knowles* (2024) 105 Cal.App.5th 757 (*Knowles*), review denied December 11, 2024, set forth a detailed analysis as to why sections 1170, subdivision (b)(6) and 1385 were not in pari materia or " ' "[o]f the same matter; on the same subject" ' " (*Knowles*, at p. 767), and thus concluded courts must "not construe their unrelated provisions together" (*id*. at p. 768). The relevant portion of the *Knowles* analysis is as follows:

12.

"Although at a high level of generality the subject matter of both statutes involves sentencing, sections 1385 and 1170 are not in pari materia because they do not have the same object or purpose and were enacted for different ends. One governs the dismissal of enhancements, the other which level of a sentencing triad will be imposed. Further, the two statutes take very different approaches to their distinct objects and purposes. Both list specific mitigating factors; those lists have some overlap but also meaningful differences. Section 1385, subdivision (c)(2) contains a number of mitigating factors not listed in section 1170, subdivision (b)(6). Even where they overlap there are differences. For example, for age to be a mitigating factor under section 1385, subdivision (c)(2) the defendant must have been 'a juvenile when they committed the current offense or any prior offenses … that trigger the enhancement or enhancements applied in the current case.' (*Id.*, subd. (c)(2)(G).) Under section 1170, subdivision (b)(6) the defendant need only be under the age of 26 'at the time of the commission of the offense.' (*Id.*, subd. (b)(6)(B).)

"Section 1385, subdivision (c)(2) lists numerous factors a defendant can demonstrate without regard to their connection to the current offense (for example, that multiple enhancements are alleged, that application of an enhancement could result in a sentence of over 20 years, and the enhancement being based on a prior conviction over five years old). (*Id.*, subd. (c)(2)(B), (C), (H).) Section 1170, subdivision (b)(6) in contrast requires that the low term presumption applies only when the identified factor 'was a contributing factor in the commission of the offense.' Section 1385, subdivision (c)(2) has no presumption in favor of dismissing an enhancement and requires the court to give 'great weight' to the specified factors. Section 1170, subdivision (b)(6) does the opposite: it creates a presumption in favor of the low term and does not contain any language requiring the court to give great weight to mitigating factors when weighing them against aggravating circumstances." (*Knowles*, at pp. 767–768.)

We find the *Knowles* analysis further strengthens our conclusion that courts are not required to apply a standard set forth in section 1385 to determinations made under section 1170, subdivision (b)(6).

In his reply brief, appellant contends *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*) is persuasive and stands for the proposition that we use a less deferential standard of review than abuse of discretion in evaluating a court's sentencing decisions under the amended determinate sentencing law. *Walker* dealt with section 1385 and held

that the statute *did not* create a rebuttable presumption. The standard articulated by the Supreme Court in *Walker* was:

> "Pursuant to section 1385, subdivision (c)(2), absent a finding that dismissal would endanger public safety, a court must assign significant value to the enumerated mitigating circumstances when they are present. In practice, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' (*Ortiz, supra*, 87 Cal.App.5th at p. 1098.)" (*Walker*, at p. 1038.)

Appellant contends we must apply a stricter standard than that articulated above to sentencing courts making determinations pursuant to section 1170, subdivision (b)(6) because it *does* create a rebuttable presumption.

We do not find *Walker* persuasive as it relates to appellant's case, as it deals with section 1385, subdivision (c), rather than section 1170, subdivision (b)(6). As we have stated, section 1170, subdivision (b)(6), while creating a rebuttable presumption, does not set forth a specific method for how the court must weigh the aggravating and mitigating circumstances to determine whether the lower term is contrary to the interests of justice. We conclude, so long as the trial court's reasons are reasonable and supported by evidence, we must affirm.

We acknowledge appellant's concerns that the court imposed the middle term at the initial sentencing and imposed the upper term at the resentencing, and commented at resentencing that it had already considered appellant's age in determining the initial sentence. As such, we understand appellant's implication that these facts raise questions as to whether the court properly complied with the amendments made to section 1170. Nonetheless, in evaluating the court's comments, we find no indication the court did not place the appropriate weight on appellant's age statutorily required by the new determinate sentencing law. The court noted at the initial sentencing that the case was an "upper term case" and expressly imposed the middle term instead of the upper term

14.

because of appellant's age. This gives insight and context to the court's analysis at the time. We must mention that, had the sentencing court imposed the upper term, this would have been within its discretion under the previous determinate sentencing law based on the multiple aggravating factors the court found. We mention this only to say that the court did put significant weight on appellant's age in initially imposing the middle term rather than the upper. Given this context, we have no trouble concluding that the court's evaluation of the evidence led it to determine the lower term was contrary to the interests of justice for the reasons we have stated.

Second, as for the imposition of the upper term as opposed to the middle term, we similarly conclude the court did not abuse its discretion.

The court relied on two aggravating factors to justify the imposition of the upper term: (1) appellant was convicted of other crimes for which consecutive sentences could have been imposed but which concurrent sentences were being imposed and (2) that appellant suffered a prison prior. Appellant does not contend these were not properly found true beyond a reasonable doubt under section 1170, subdivision (b)(2); rather he contends the court erred in determining the weight of aggravation.[10] Appellant contends the first factor "should not be afforded much weight as even if appellant had been sentenced on both convictions, his sentence on the count four would be one third of the mid-term or 20 months doubled to 40 months or three years, four months, or a total sentence of 11 years four months, not the 16 [years'] imposed. As to the second factor, appellant points out the court used the prison prior conviction to bring appellant within

[10] We note the facts underlying these aggravating factors were properly found true beyond a reasonable doubt as required by section 1170, subdivision (b)(2). First, the verdict forms named separate victims in counts 3 and 4; thus, by finding appellant guilty of both counts, the jury necessarily found true beyond a reasonable doubt that appellant had committed two kidnappings of two separate victims. Based on that factual predicate, the court could have imposed the sentence on count 4 to run consecutive to the sentence on count 3. (See *People v. Calhoun* (2007) 40 Cal.4th 398, 408 [stating the presence of separate victims named in separate counts could justify a consecutive sentence].) Second, the court found appellant's prior convictions true in a court trial.

15.

the Three Strikes law sentencing scheme and use of the factor is "contrary to the spirit, if not the letter of the law."[11]

We first note appellant's calculation of his term of imprisonment, had the court imposed consecutive sentences, is not accurate. A consecutive sentence using middle terms would be comprised of five years, doubled to 10, for count 3 (see § 208, subd. (a)) and a full consecutive term of five years, doubled to 10, for count 4 (see § 1170.1, subd. (b) ["If a person is convicted of two or more violations of kidnapping, as defined in Section 207, involving separate victims, the subordinate term for each consecutive offense of kidnapping shall consist of the full middle term and shall include the full term imposed for specific enhancements applicable to those subordinate offenses."]), for a total of 20 years.[12] Even if the court were to impose one-third the middle term on count 4, the total sentence would have been 13 years four months (10 years on count 3 plus three years four months on count 4), which is also contrary to appellant's calculation.

In any event, we find appellant's arguments amount to requesting that we reweigh the sentencing factors and have not persuaded us that the court abused its discretion in its weighing. The factors the court relied on were proper factors for consideration. (See rule 4.421(a)(7) ["The defendant was convicted of other crimes for which consecutive sentences could have been imposed but for which concurrent sentences are being imposed"] & (b)(3) ["The defendant has served a prior term in prison or county jail under

---

[11] We note appellant does not advance an argument supported by legal authority that the court's use of the conviction to aggravate as a prior prison term and to bring appellant within the Three Strikes law was an impermissible dual use. (See rule 8.204(a)(1)(B); *People v. Stanley* (1995) 10 Cal.4th 764, 793 [a brief must contain reasoned argument and legal authority to support its contentions or the court may treat the claim as forfeited].)

[12] We recognize 20 years would not have been an appropriate sentence in this case as it exceeds the aggregate sentence originally imposed (*People v. Hanson* (2000) 23 Cal.4th 355, 357–358), and also that the court did impose one-third the middle term in the original sentence, but make this note to rebut appellant's assertion the aggravating factors relied on by the court should have been awarded less weight.

section 1170(h)"].)  As we have stated, the court made several comments that supported its finding that imposing the lower term was contrary to the interests of justice, and we have concluded this determination was not an abuse of discretion.  As to whether the two aggravating factors relied on by the court properly justified the upper term, we cannot find the court's determination was so arbitrary and irrational as to be an abuse of discretion.  We note we are not permitted to substitute our judgment on how the circumstances should be weighed for that of the trial court.  (See *People v. Strother*, *supra*, 72 Cal.App.5th at p. 571.)[13]

Appellant also contends the court relied on circumstances that were not proper aggravation, such as how the crime was planned and traumatized the victims.  Appellant first contends these were not proper circumstances to consider because they were not stipulated to or proven beyond a reasonable doubt as required by section 1170, subdivision (b)(2).  The trial court acknowledged this, however, by stating it was "not considering" the crime was planned, which we interpret as not relying on it to impose the upper term.  However, the court was not precluded from considering aggravating factors not pled or proven in determining the lower term was not appropriate.  (See Advisory Com. com., rule 4.420(d).)

Appellant further notes that to the extent the court appeared to rely on the victims being particularly vulnerable, this was improper because the evidence did not support that the victims were any more vulnerable than typical victims of armed robbery.  In support of his argument, appellant cites *People v. Bennett* (1981) 128 Cal.App.3d 354, 358

---

[13]     We note the plain language of section 1170, subdivision (b)(1) and our high court's discussion in *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*) demonstrates that the determination of whether properly pled and proven aggravating circumstances justify the upper term is still a discretionary function under the amended determinate sentencing law.  (See § 1170, subd. (b)(1) & (2) ["The court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except" when "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term"]; see also *Lynch*, at p. 764, quoting § 1170, subd. (b)(1) & (2).)

17.

(*Bennett*) for the proposition that a "store clerk who was victim of an armed robbery was not particularly vulnerable." *Bennett* does not assist appellant. There, the appellate court concluded a sentencing judge's determination that the victims in that case were particularly vulnerable "simply because they were market clerks" was not enough to establish particular vulnerability and, in the case before it, there were five store employees and 50 customers present and that "total milieu rebutted a finding of particular vulnerability." (*Bennett*, at p. 358.) The court noted however, "[w]e can picture situations where a market clerk is particularly vulnerable, for example, where he is alone, in the wee hours of the morning, at an isolated convenience market when the robbery occurs." (*Ibid.*)

The present case is more akin to the *Bennett* court's hypothetical. Here, the two employees were by themselves in the cell phone store, and appellant and the co-participants appeared to wait to enter until the previous customers had exited the store. The victims were young women outnumbered by their assailants, and the crime was orchestrated so there was no opportunity for them to escape. We do not find the court improperly considered the effect of the crime on the victims in determining the lower term was contrary to the interests of justice.[14]

Finally, appellant contends the court violated the spirit of the law by imposing the 16-year sentence. Appellant points out he is a Black youth who had a dysfunctional and abusive childhood, had received some education, was not a gang member, and was remorseful. Appellant contends the court did not properly consider the history of disparate treatment of Black youths as set forth in the California Supreme Court's statement on equality and inclusion. While we appreciate appellant's comments and

---

[14] In his reply brief, appellant cites *Lynch* and his discussion is not persuasive. *Lynch* largely dealt with the appropriate test for assessing prejudice in error resulting from retroactive application of section 1170, subdivision (b). (*Lynch, supra*, 16 Cal.5th at p. 755.) Because this case deals with direct application of the applicable statutes and we do not find error, we find *Lynch* largely inapplicable to the issue before us.

encourage sentencing judges to keep these policy considerations front of mind when exercising their discretion within the sentencing choices available to them, in the present case, for the reasons set forth above, we conclude appellant has not met his burden of showing the trial court acted in an arbitrary or irrational manner. We thus conclude the trial court acted within its discretion in imposing the upper term and do not find error.[15]

## II. Failure to Strike Fines and Fees

Appellant argues the court erred by finding appellant had the ability to pay his fines and fees in the amount of $570 (the court operations assessment in the amount of $320 [§ 1465.8], and the conviction assessment in the amount of $240 [Gov. Code, § 70373]) because its reliance on appellant's ability to work in prison was "misplaced." Appellant contends "there was no evidence that such jobs were available, and appellant stated they were not" and asserting the prosecution "should have the burden of establishing that appellant would have such a job and how much he would be paid" because the prosecution has better access to the information required. Appellant also cites statistics regarding prison wages and availability of prison work.

We believe it was appellant's burden to prove he could not pay the fines and fees. (*People v. Cowan* (2020) 47 Cal.App.5th 32, 49–50, review granted June 17, 2020, S261952; *People v. Santos* (2019) 38 Cal.App.5th 923, 934; *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844; see *People v.*

---

**15** We acknowledge the trial court could have been more precise in dividing the steps of its analysis into its reasons for determining that (1) imposing the lower term was contrary to the interests of justice and (2) the aggravating circumstances justified the upper term. We also acknowledge each concern articulated by appellant, including those regarding the court's mentioning of counts 1 and 2 in describing his full exposure, as well as appellant's belief the court engaged in improper balancing. We have considered the court's comments in their totality and the initial comments it made about the case for context and do not find reason to rebut the presumption that the court knew and applied the law.

*Castellano* (2019) 33 Cal.App.5th 485, 490.)[16]  As such, "When the trier of fact has expressly or implicitly concluded that the party with the burden of proof failed to carry that burden and that party appeals, it is somewhat misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment.  This is because such a characterization is conceptually one that allows an attack on (1) the evidence supporting the party who had no burden of proof, and (2) the trier of fact's unassailable conclusion that the party with the burden did not prove one or more elements ….  [Citations.]  Thus, where the issue on appeal turns on a failure of proof …, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law.  [Citations.]  Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.' " (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 279.)

The representations made by counsel at the ability-to-pay hearing were not "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding."  Appellant has failed to show the evidence was such that the court was *compelled* to make a factual finding in his favor.

Even if we accept appellant's assertion that the burden shifted to the prosecution to show appellant had the ability to pay, we find any error harmless.  In *People v. Jones* (2019) 36 Cal.App.5th 1028, the appellate court affirmed the sentencing court's finding the appellant had the ability to pay $370 in fines and fees given his six-year prison sentence.  (*Id.* at p. 1035.)  The *Jones* court concluded, "this forecloses a meritorious inability-to-pay argument.  (See *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837

---

[16]     The issues of whether a court must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments and if so, which party bears the burden of proof, are currently pending before the Supreme Court.  (See *People v. Kopp*, *supra*, 38 Cal.App.5th at pp. 94–98, review granted Nov. 13, 2019, S257844.)

[court may consider ability to earn prison wages in determining ability to pay].)" (*Jones*, at p. 1035.) The court therefore held, "the *Dueñas* error was harmless. (See also *People v. Johnson* [(2019)] 35 Cal.App.5th [134,] 139 ['The idea that [defendant] cannot afford to pay $370 while serving an eight-year prison sentence is unsustainable.'].)" (*Ibid*.)[17]

For the above reasons, we find no reversible error in the court's imposition of fines and fees.

## DISPOSITION

The judgment is affirmed.


                                                              DE SANTOS, J.

WE CONCUR:


SMITH, Acting P. J.


MEEHAN, J.

---

[17]     Given the ample authority supporting a court's ability to consider future prison wages to determine ability to pay, we reject appellant's brief assertion that the court is not permitted to do so.